UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00245-TBR

DEBORAH LYNN,                                                                      Plaintiff

v.

BALLARD COUNTY, KENTUCKY, *et al*.                                  Defendant

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's motion to remand.  (Docket #5).

Defendant has responded.  (Docket #6).  Plaintiff has replied.  (Docket #7).  This matter is now

ripe for adjudication.  For the following reasons, Plaintiff's motion to remand is GRANTED.

BACKGROUND

This action arises out of Plaintiff Deborah Lynn's termination from her job as a deputy

jailer at the Ballard County Detention Center.  Lynn was hired as a deputy jailer in December,

2011.  Lynn's duties included supervising and feeding inmates and general operations.  In

addition, Lynn assisted in providing medical care to inmates.

In December, 2014, Ballard County Detention Center held a training session which

included training on how to manually test blood pressure.  Lynn believed this portion of the

training to be optional and did not attend.  The jailer, Defendant Donnie Hall, Jr., informed Lynn

that she was required to take the next available training.  Lynn appeared at the next training

session but claims the trainer did not arrive and she was never offered another opportunity to

train.

In August, 2015, Lynn was assisting a diabetic inmate with his insulin shot.  Lynn's supervisor instructed Lynn that this inmate could reuse his syringe.  Lynn objected to this practice as illegal and filed a handwritten report of the incident with Hall.  The following day Lynn was terminated.  Hall claimed the termination was due to Lynn's failure to train in taking manual blood pressure readings.  Lynn claims she was wrongfully terminated in violation of K.R.S. § 71.060(2).

Lynn filed her claim in state court.  (Docket #1-2).  Defendants removed this case to federal court.  (Docket #1).  Lynn now moves to remand this case to state court.  (Docket #5).

## STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "The defendant has the burden of establishing that removal is proper."  *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996).  Federal jurisdiction should be strictly construed so that it is exercised only when clearly established and any doubt or ambiguity should be resolved in favor of remand.  *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

## DISCUSSION

A district court has subject matter jurisdiction to hear federal question cases.  *See* 28 U.S.C. §1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In her complaint, Lynn claims "Defendants terminated Ms. Lynn in violation of the public policy established by 803 KAR 2:307 § 2 and 29 C.F.R. § 1910.1030(d)."  (Docket #1-2). The parties agree that the only reference to federal law, and thus the only possible basis for federal question jurisdiction, is Lynn's reference to 29 C.F.R. § 1910.1030(d).  This regulation is part of the Occupational Safety and Health Act ("OSHA").

This Court has previously held that federal question jurisdiction cannot arise from a claimed OSHA violation.  *Thomas v. Women Aware, Inc., No*. 2005 WL 1653613, at *2 (W.D. Ky. July 12, 2005).  This is because "OSHA does not create a private right of action."  *Ellis v. Chase Commc'ns, Inc.*, 63 F.3d 473, 478 (6th Cir. 1995);  *Minichello v. U.S. Indus., Inc.*, 756 F.2d 26, 29 (6th Cir. 1985) ("OSHA regulations can never provide a basis for liability because Congress has specified that they should not").  Since OSHA does not create a cause of action, federal question jurisdiction cannot be based upon a claimed OSHA violation.  *See e.g. Barrientos v. UT-Battelle, LLC*, 284 F. Supp. 2d 908, 915 (S.D. Ohio 2003) (remanding case because neither OSHA nor the Atomic Energy Act of 1954 provided a cause of action).  As there is no federal question at issue, this Court lacks jurisdiction over this case and must remand to state court.

## CONCLUSION

IT IS HEREBY ORDERED that, for the foregoing reasons, Plaintiff's motion to remand (Docket #5) is GRANTED.  This case is REMANDED to Ballard County Circuit Court .

Thomas B. Russell

Thomas B. Russell, Senior Judge
United States District Court

January 21, 2016

cc:     counsel of record
        Ballard County Circuit Court

3